Summers & Brannin vs. Clarke.

## No. 7223.

### SUMMERS & BRANNIN vs. JAS. S. CLARKE.

Although simulation is difficult of conclusive or affirmative proof, yet it surely requires, in order to shift the burden of proof upon the defendant, that the circumstances relied upon, to establish the fraud, should be so strong as to create highly reasonable doubts or suspicions as to the good faith and honesty of the transaction, which is sought to be set aside.

APPEAL from the Sixth District Court, parish of Orleans.  *Rightor,* J.

D. C. Labatt for Plaintiffs and Appellants :

In cases of simulation, it is difficult for the plaintiff to present conclusive evidence. For that reason, the rule of law has been established, that only a *prima facie* case needs be made out, and it shifts the burden of proof on the defendant. 10 An. 691 ; 6 An. 647 ; 15 An. 42 ; 4 La. 254 ; 6 La. 538 ; 2 La. 16 ; 6 An. 710 ; 2 Vesey, Jr., 155; Hovenden on Fraud, p. 9.

Kennard, Howe & Prentiss for Defendant in rule and Appellee

The rule is settled in Louisiana, that " it is not enough for a plaintiff to make out a probable case ; he must make it certain."
Simpson vs. Powell, 7 A. 555.

Mr. Hennen, summing up a list of Louisiana cases from 10th Martin to 5th Annual, lays down the rule " that circumstances to establish fraud must be strong, consistent, and calculated to induce the belief that a fraudulent intent existed." Dig. vol. 1, pp. 526, 527.

In an English case decided in October last, Wilson vs. Church, 9 C. L. Jour. 420, Mr. Justice Brett used almost identical language, saying : " It seems to me that no man ought to be found guilty of fraud unless you can say he had a fraudulent mind and an intention to deceive."

Mr. Story remarks, Equity § 190, that "it is equally a rule in courts of law and courts of equity that fraud is not to be presumed, but established by proofs ; circumstances of mere suspicion leading to no certain results, will not, in either of these courts, be deemed a sufficient ground to establish fraud."

For example of danger of circumstantial evidence, see Amer. Law Rev. May, 1880, p. 376.

The maxim of the Code of Justinian, *dolum ex indiciis perspicuis probari convenit,* is a maxim of universal jurisprudence.

The rules laid down by Mr. Justice Washington in Conard vs Nicoll, 4 Peters, 295, and affirmed by the full bench, are always worthy of record :

1. "That actual fraud is not to be presumed, but ought to be proved by the party who alleges it.
2. "If the motive and design of an act may be traced to an honest and legitimate source, equally as to a corrupt one, the former ought to be preferred. This is but a corollary to the preceding principle.
3. "If the person against whom fraud is alleged should be proved to have been guilty of it in any number of instances, still if the particular act sought to be avoided be not shown to be tainted with fraud, it cannot be affected by these frauds, unless in some way or other it be connected with or form a part of them."

In Marksbury vs. Taylor, 10 Bush (Ky.), 519, and in Young vs. Edwards, 92 Pa. State, 257, it was laid down as settled law that, in order to establish fraud, the true rule in all courts is to require such legal evidence as will overcome in the mind of the tribunal the legal presumption of innocence, and beget a belief of the truth of the allegation of fraud ; and that the existence of fraud is to be proved as any other fact ; the evidence being sufficient if it satisfy beyond a reasonable doubt, but not otherwise.

These are the elementary rules of universal jurisprudence. They came to England and to the United States from the great fountain of the Roman Law.

*Actore non probante, absolvitur reus.*

*Quod non apparet, non est.*

Plaintiffs have made out neither a certain nor even a probable case.

---

The opinion of the Court was delivered by

LEVY, J. The plaintiffs, Summers & Brannin, having a judgment against James S. Clarke, seized under a *fi. fa.* certain real estate in the city of New Orleans. A mortgage in favor of Albert Baldwin appeared inscribed on this property, to secure the sum of $20,000, and interest on that sum. On motion of plaintiffs a rule was taken in the Sixth District Court, parish of Orleans, ordering the Recorder of Mortgages of New Orleans, and said Albert Baldwin, to show cause why said mortgage should not be canceled and erased, and declared null and void. The exception was filed by Baldwin, claiming *lis pendens* in the United States Court, between same parties, on a petition to annul this mortgage; and this exception was overruled. Baldwin then pleaded that he had proceeded in the Fifth District Court and obtained a judgment therein, which he held to be a bar to the rule to set aside the mortgage. This exception was also overruled, and various exceptions being pretermitted to the merits, the rule was tried on the issue of *simulation vel non.* Plaintiffs' rule was dismissed, and they have appealed.

We agree with the counsel of appellant that " the sole question presented is whether this mortgage of James S. Clarke to Baldwin is valid or simulated." We shall not disturb the rulings of the lower court on the pleas and exceptions there presented.

On a careful examination of all the evidence contained in the record, and attributing to it all the weight and consideration to which it can reasonably be entitled, giving to the circumstances connected with the transaction, directly or remotely, and the hypotheses based thereon, patient discussion and a fair construction, we can perceive no sufficient grounds to sustain the charge that the mortgage which the plaintiffs seek to have erased is tainted with simulation or was given in fraud of these creditors of Clarke.

We concur in the proposition set forth in the brief of counsel for the appellant, that " simulation is difficult of conclusive or affirmative proof ;" yet it surely requires that the circumstances relied upon should be so strong as to create highly reasonable doubts and suspicions as to the good faith and honesty of the transaction which is sought to be set aside. The presumptions in favor of the legality and validity of a transaction such as the one now under consideration may be rebutted, and in some instances the burden of proof may be shifted, in order that suspicious and unusual circumstances shall be accounted for or explained away.

The principal facts or circumstances on which appellants rely to establish simulation in the mortgage of Clarke to Baldwin, are : The non-payment (as they allege) of the money to secure the payment of which the mortgage was given at the time of the execution of the act ; the execution of a simulated act by Clarke, in favor of another party at an antecedent date ; the renewal or extension of " loans and mortgages" on his own city property by Mr. Baldwin, at a similar rate of interest, at the same time that he was making the loan to Clarke ; the insufficiency of the mortgaged property as a security for the amount loaned.

While the notary and his clerk before whom the act of mortgage was passed testify that they did not see the money paid or handed to Clarke by Mr. Baldwin, on the other hand, Mr. Baldwin testifies that he *did* pay the money, and describes the mode, manner, and time of handing in to Clarke, and the kind of money, with as much particularity of details as could reasonably be expected, in view of the length of time between the payment and his examination. Because the notary and his clerk did not see the money paid over, cannot be held as proof that it was not paid, when Mr. Baldwin swears positively that he did pay it. No attempt to invalidate the testimony of Mr. Baldwin, or to prove him unworthy of belief, was made, and we therefore hold it as unimpeached in this matter on this point. It would be unjust, unfair, and illogical to infer

that because Mr. Clarke had been engaged in a simulated transaction with another party, at another and distant period, *ergo* his transaction with Mr. Baldwin partook of the same character.

We are to consider the attributes of the distinct act which is assailed, and it must be judged independently of other matters and occurrences, especially when.it is between different parties.

As to the fact that about the time Mr. Baldwin was lending this large amount of money to Mr. Clarke he was obtaining an extension of his own indebtedness, for a much smaller amount, at about the same rate of interest, is satisfactorily explained by Mr. Baldwin himself, and does not justify any grave suspicions or serious doubts as to the good· faith and honesty of the negotiation with Clarke. So, also, the alleged insufficiency of the mortgaged property as a security for the amount loaned is in the first place not established by the evidence. On the contrary, we think it rather estimates the property as being of a value equal to if not greater than the loan ; but in addition to the property, the pecuniary circumstances or condition of Clarke evidently operated upon the lender's mind, and in his opinion rendered his investment safe.

The judgment of the lower court is affirmed at the costs of appellant.