## No. 166.

SUCCESSION OF HANNAH P. DICKSON.—OPPOSITIONS OF HEIRS AND·· CREDITORS.

Recording a judgment ordering a usufructuary to give bond and prescribing the amount of the bond will not create a judicial mortgage in favour of those in whose favour the bond is to be given  There is no judgment for money therein, nor ascertainment with precision of what sum is due, but merely that a bond be given in a specified sum.

Judgments recorded in different parishes operate as judicial mortgages upon the lands in each parish from the respective dates of each recordation.

Simulation may be proved by circumstances and presumptions drawn from the surroundings of the parties.

APPEAL from the Second District Court, Parish of Bossier. *Drew*, J.

*Looney & Vance* for the Administrator.

*J. D. Watkins, J. H. Shepherd* and *R. J. Looney*, for the Opponents.

The opinion of the Court was delivered by

MANNING, J.   The sole issues presented by these proceedings are the priority of the judicial mortgages held or claimed by the various opponents.   The administrator ranked them in this order :

1. Judgment in favour of John Henderson *et alius* dated 2d June 1870, the date of record in mortgage-office not stated, to which prescription was pleaded and the plea properly sustained.

2. Judgment in favour of Thos. Poland of which W. R. Barstow is transferree recorded in mortgage-office Sept. 19, 1877.

3. Mortgage in favour of M. L. Dickson recorded Oct. 29, 1881.

4. Judicial mortgage in favour of W. R. Barstow recorded Sept. 17, 1880.

5. Judicial mortgage in favour of the heirs of Michael Dickson—. no date of recording mentioned, but we learn elsewhere it was recorded May 23, 1877.

Certainly the administrator could not have intended that these mortgages ranked in the order he has placed them, since the last is the first recorded and must prime the others if the judgment then recorded could create a judicial mortgage.

The other opponents deny that it is a judgment for money, and we must recur to the object of the suit in which it was rendered and to the terms of the judgment in order to ascertain its character.

The suit was against Hannah P. Dickson as administratrix of her husband and usufructuary, and the prayer is that she be ordered to render a full account of her administration and to give security as usufructuary.   The judgment is as follows ;—

"Wherefore, by reasons foregoing, and the law and the evidence generally being in favor of the plaintiff, Olympe Boisse, and the opponents Palmer Dickson and M. Hugh Dickson and the succession of Michael A. Dickson, and against the defendant, Hannah P. Dickson, widow of Michael Dickson, deceased; it is ordered, adjudged and decreed that said Hannah P. Dickson give security as usufructuary, that she will use as a prudent usufructuary would do the movables and immovables of the succession of Michael Dickson falling to Olympe Boisse, Palmer Dickson, M. Hugh Dickson and M. A. Dickson, subject to her usufruct as established by this opinion and judgment, and that she will faithfully fulfill all the obligations imposed on her by law as said usufructuary.

"It is further decreed that said security as to Olympe Boisse be the sum of one thousand dollars; as to Palmer and M. Hugh Dickson, to each, in the sum of nine thousand two hundred and 55-100 dollars; and as to the succession of Michael A. Dickson, in the sum of six thousand seven hundred and eighteen and 55-100 dollars; and that this security be by special mortgage on land and immovable property, or by bond and personal security, or both, to be approved by the court.

"It is further decreed that the right of defendant to show further payments to Palmer, M. Hugh and M. A. Dickson or his succession be reserved."

This is not a judgment for money or on a moneyed demand the recording of which in the mortgage-office could create a judicial mortgage. Three of the heirs had become parties to those proceedings and the amount of the bonds ordered to be given was based on evidence taken therein relative to their shares, but it is not a judgment in their favour against the administratrix and usufructuary for any sum of money found to be due them. Three other heirs were not parties and as to them no judgment of any kind was given.

The case was appealed and the judgment reversed, Boisse v. Dickson, 31 Ann. 742, and on another appeal this court reviewing the pleadings in that case said;— "the petition concluded with a prayer that the administratrix be cited, that she be ordered to account, and that she be required to give bond as usufructuary. This was the entire relief asked for." Boisse v. Dickson, 32 Ann. 1150.

It was not until January 12, 1883, that a judgment was rendered against the administratrix for the ascertained amount of her indebtedness and fixing it with that precision that on being recorded it could

operate a judicial mortgage. All the other judgments and mortgages appearing on the tableau antedate that.

Reference is made on the tableau to this last judgment as ascertaining the sums found due to the respective heirs thereby, but it cannot revert back to the first judgment, and the recording this first judgment can in no sense be considered as operating a mortgage for the sums due in 1883. Indeed as we have seen the judgment of 1877 was not for money at all.

The judgment below giving rank to this judicial mortgage on May 23, 1877, must be reversed.

The Poland judgment of which Barstow is transferree recorded Sept. 19, 1877, and Barstow's own judgment recorded Sept. 17, 1880, will take effect upon the lands in the several parishes only from the date of their respective records. Judgments and mortgages recorded in Caddo prior to recording either of these must prime them, and the same holds good of the other parish.

Objection is made to the recognition of the Poland judgment in favour of Barstow transferree that there is no proof of the transfer, but that proof was doubtless made in the proper place when the judgment was rendered or assigned. There is no pretence that the judgment is extinct or that the mortgage is not still alive and the heirs and other creditors have no interest in contesting the validity or actuality of the transfer. The administrator must take care that he pays the real owner.

The counsel for M. S. Dickson took a nonsuit on her claim No. 3 on the tableau.

Virginia H. Thomas opposed the tableau for non-recognition of her recorded judgment for $4,000. The allowance of this claim is opposed by the other heirs and creditors on the ground that it is a simulation, that the widow Dickson was induced by her daughter Virginia to execute her note for that sum and confess judgment upon it, but there was no consideration for it and it was in reality an attempt to give her that sum to the prejudice of the other heirs. Mrs. Dickson's estate is insolvent.

Mrs. Thomas alleges that her mother owed her husband Capt. Thomas four thousand dollars and her husband owed her the same sum, and the mother gave her the note in payment and the two debts were thus satisfied. We copy the testimony of Mrs. Dickson on the matter as it is printed in the brief of Mrs. Thomas' counsel;

"She gave the $4,000 note in confession of judgment to her daughter—she was sick and delicate—and not for services Capt. Thomas rendered. There was only one $4,000 note of that kind, and Mrs. Thomas asked for it for him, but witness does not know how it was drawn up. Her daughter asked her to do it, and she did it for her daughter's account, as she importuned her so much, and not for any debt she owed 'Capt. Thomas. There was no settlement of accounts with Capt. Thomas at that time."

This is corroborated by the surrounding circumstances and simulation may be proved by them. The estate was insolvent and to all appearance inextricably confused. Children were pressing to save something, each for himself, and creditors were not less urgent. The mother yielded to the importunities of the daughter, and the note and confession of judgment were made the instruments to give verisimilitude to the arrangement, the object of which was to save this sum for the daughter.

The lower judge rejected the claim as the administrator had done and we think rightly.

It is therefore ordered and decreed that the judgment of the lower court recognising a judicial mortgage in favour of the heirs of Michael Dickson dating May 23, 1877 is avoided and reversed, and in all other respects said judgment is affirmed, heirs thus cast paying the costs of appeal.

---

## On Application for Rehearing.

We are not asked to review our opinion but to make the decree conform to it. The rehearing is granted.

---

## On Rehearing.

The lower judge sustained the opposition of Mrs. Thomas and amended the tableau accordingly. He also recognized a judicial mortgage in favour of Palmer Dickson that had not been placed on the tableau nor mentioned in any opposition. We correct our decree so as to give effect to the principles maintained in the opinion.

It is ordered and decreed that the judgment of the lower court recognising a judicial mortgage in favour of the heirs of Michael Dickson dating May 23, 1877, is avoided and reversed said heirs paying the costs of appeal; and that the judgment below sustaining the opposition of V. H. Thomas is also reversed at her costs, and the judgment recognising a judicial mortgage in favour of Palmer Dickson is also reversed, and in all other respects said judgment is affirmed.