O’NIELL, Chief Justice.
 

 The Agricultural Supply Company, Inc., obtained a judgment against Biaggio Lavigne and his wife, and seized the property on which they resided. Their son, Frank P. Lavigne, filed an opposition and a petition for an injunction on the ground that he had bought the property from his father, for $2,-500 cash, after the suit was filed but before the judgment was rendered against him. The Agricultural Supply Company answered that the transaction, purporting to be a sale of the property for $2,500 cash, was a simulation, made for the purpose of defrauding the company.. The district judge so held, after hearing the evidence, and Frank P. Lavigne has appealed from the decision.
 

 The appellant contends that the transfer1 was made to him in satisfaction of a debt for two loans which he, Frank P. Lavigne, had made to his father, more than a year before the transfer; one loan being for $1,300, and the other for $1,200. The appellant concedes that the transfer was made for the purpose of giving him a preference over other creditors of his father, and particularly over the Agricultural Supply Company, but he invokes the rule that a sale which is made to defraud creditors of the seller, but which is genuine in the sense that a consideration is paid by the buyer, is not subject to collateral attack by a creditor of the seller, although it may be subject to annulment by a direct revocatory action. The appellant concedes that if the transfer was a mere simulation the Agricultural Supply Company was justified in disregarding the transfer, and in seizing the property as that of Biaggio Lavigne.
 

 The case presents only the question of fact, whether Biaggio Lavigne owed his son the $2,500. The son testified that he paid the money to his father in currency, $1,300 at one time and $1,200 at another time; and that he had had the money in his pocket. His testimony is corroborated in some measure by that of two other men, who testified that they saw the roll of money on the occasion of one loan by the son to the father. But the district judge found that the evidence was not sufficient to establish the genuineness of the transaction. The son was only twenty-four years of age, and married, at the time when the loans are supposed to have been made. His occupation was that of a strawberry farmer. He admitted that he had made no money during the preceding year, but claimed that he had made $1,000 two years before he made the loans, and that he had earned the balance of the money working for an oil company, etc. But he gave no account of the whereabouts of the money while he was accumulating it, except to say that it was in his pocket. The district judge, who could judge better than we can judge of the credibility of the witnesses, did not consider the testimony sufficient to overcome the presumption established -by article 2480 of the
 
 *1033
 
 Civil Code; and we see no reason to take issue with his honor. The article declares that where a person remains in possession of property that he sells there is a presumption that the sale is simulated. The presumption is strengthened if the seller is insolvent and is being sued, and if the sale is made to a close relation of the seller, and if the price is said to have been paid in currency, so that there is no bank record or voucher to evidence the pas'ment of the price. On that subject, see Peyton v. Roth, 149 La. 150, 88 So. 773, 776.
 

 The judgment is affirmed.