McCALEB, Justice.
 

 The plaintiff brought this action against his wife, from whom he is judicially separated, and against their son, Clova Smith, to have certain real estate, which the son purportedly purchased from his mother, and certain movable property located on the land, decreed to be the property of the community of acquets and gains which formerly existed between plaintiff and his wife and for its partition by licitation.
 

 The real estate was purchased by plaintiff in 1947, during the existence of the community, for $5,150. On April 7, 1950, while the parties were residing together, plaintiff executed in authentic form a
 
 dation en paiement
 
 which purported to convey the disputed real estate to his wife in payment of an alleged indebtedness of $2,000. Latef, on January 13, 1954, after plaintiff had left the matrimonial domicile, his wife executed a warranty deed which purported to convey the property to her son, Clova Smith, for a recited consideration of $3,000.
 

 Plaintiff contends in his pleadings that the
 
 dation
 
 to his wife was absolutely null, in that it was simulated as he was not indebted to his wife and, therefore, was a prohibited transaction between him and his wife and that it was also a disguised donation
 
 omnium bonorum.
 
 He further alleged that the purported sale by his wife to Clova Smith was a simulation intended to-defraud him of his interest in the property and he prayed that both transactions be declared null by the court.
 

 After filing exceptions of no cause and no right of action, which were referred to-the merits, defendants answered with general denials, and averred that both the
 
 dation en paiement
 
 and the deed are authentic acts, duly recorded, which make full proof of their contents. Clova Smith specially pleaded that he purchased the property from his mother in good faith and for value in reliance on her title as evidenced by the public record, and that plaintiff, having executed and recorded the
 
 dation en paiement
 
 and having allowed it to-stand on the record for many years, caused him, Clova Smith, to rely thereon and is therefore estopped to urge the invalidity of the conveyance.
 

 
 *693
 
 The case was tried on the merits and the district court rendered judgment in favor of plaintiff decreeing the
 
 dation en paiement
 
 and the act of sale to Clova Smith to he absolutely null. The court also decreed the real estate and all of the movable property, except 60 head of cattle,
 
 [1]
 
 to be community property and ordered it partitioned by licitation. Defendants have appealed.
 

 Defendants contend in their brief that the district court erred in the following respects :
 

 (1) In allowing plaintiff to introduce parol evidence to show that the
 
 dation en paiement
 
 was a sham, a simulation, and without true consideration in the absence of any allegation of fraud, error or duress.
 

 (2) In concluding that the deed from Mrs. Smith to Clova Smith of January 13, 1954, was a simulation without any consideration and in fraud of plaintiff’s rights.
 

 (3) In concluding that defendant, Clova Smith, was not entitled to rely on the faith of the public record in his purchase from his mother regardless of any knowledge dehors that record.
 

 (4)In holding plaintiff was not es-topped by his action, solemn declarations and conduct from attacking Clova Smith’s title to the property in question.
 

 It is obvious that, if defendants are correct in asserting that the district court erred in allowing parol evidence to show that the
 
 dation
 
 was without true consideration, plaintiff’s case must fall in its entirety, since the act appears to be legal on its face and satisfies the requirements for a valid conveyance between husband and wife. See Colvin v. Johnston, 104 La. 655, 29 So. 274; Miller v. Miller, 234 La. 883, 102 So.2d 52.
 

 Defendants say that, since plaintiff does not allege that he was defrauded or otherwise imposed on when he executed the
 
 dation en
 
 paiement, parol evidence was inadmissible to show that the transfer was in fact simulated in view of Article 2236 of the Civil Code providing that the authentic act
 
 “
 
 * * * is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns * * *
 

 The contention is not sound and the district court was correct in admitting the
 
 *695
 
 parol evidence. This is because the parties to the authentic act were husband and wife and thus fall under an exception to the parol evidence rule.
 

 Article 2446 of the Civil Code provides that a contract of sale between husband and wife can take place in only three cases:
 

 “1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
 

 “2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
 

 “3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.”
 

 It is well settled that
 
 dations
 
 between husband and wife, being a species of sale (Articles 2655-2659, Civil Code), are exceptional contracts and are absolutely null unless they come within one of the permissible categories. Pelletier v. State Nat. Bank, 117 La. 335, 41 So. 640; Kelly v. Kelly, 131 La. 1024, 60 So. 671; Miller v. Miller, 234 La. 883, 102 So.2d 52. Since contracts between spouses are specifically forbidden by Articles 1790 and 2446 of the Civil Code, save for the three purposes detailed in Article 2446, it follows that any husband and wife who attempt to contract in violation of those restrictions do so
 
 in fraudem legis.
 
 If parol evidence is admissible to show fraud practiced on one of the contracting parties, it would,
 
 a fortiori,
 
 appear that it should be received when the fraud has been perpetrated on the law itself. And so this Court has held that parol evidence may be introduced to show that any obligation has been contracted
 
 in fraudem legis
 
 regardless of what form may have been given to the reprobated contract. Lazare v. Jacques, 15 La.Ann. 599; Kelly v. Kelly, supra; Ducote v. Stark, La. App., 87 So.2d 770.
 

 If Article 2236 were to be applied and parol evidence excluded in cases involving the absence of consideration in contracts between a husband and wife, the spouses could, easily evade the restrictions of Article 2446 and make prohibited contracts with each other simply by using the authentic act to disguise the true circumstances. But such manipulations are not sanctioned in view of Articles 11 and 12 of the Civil Code:
 

 “Art. 11. Individuals can not by their conventions, derogate from the force of laws made for the preservaof public order or good morals. * * *»
 

 “Art. 12. Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed.” ■ .
 

 
 *697
 
 Pertinent to and decisive of the question now under consideration is the case of Kelly v. Kelly, supra [131 La. 1024, 60 So. 671], wherein the Court stated the facts and the applicable law in its syllabus as follows:
 

 “The defendant, sued by his divorced wife, for certain real estate in his possession claimed by her under an act purporting to be a giving in payment in .satisfaction of her paraphernal claims, may plead and prove by parol that the act of transfer, as a contract, was without consideration, and, as a donation, left him without the means of subsistence, and may further plead and prove that the real estate belonged to the community, and that the plaintiff was indebted unto the community in certain amounts for moneys and other assets which inured to the benefit of her separate estate.”
 

 “Sales or transfers between the spouses are prohibited except in three cases specified in article 2446 of the Civil Code. All other sales or transfers between the husband and wife are null and void, and the nullity may be invoked by the spouses, as well as by their heirs and creditors.”
 

 In attempting to show that the district court erred in allowing parol evidence concerning the
 
 dation,
 
 counsel for defendants mainly argue that the Kelly case is distinguishable from the case at bar, and that the holding in the case of Thomas v. Thomas, La.App., 63 So.2d 468, is directly in point and should apply. Counsel assert that the Kelly case held parol evidence admissible to defeat a donation
 
 omnium bonorum,
 
 which was disguised as a
 
 dation
 
 in an authentic act between spouses, but that plaintiff’s own evidence in the instant case (despite his allegations) shows the transaction between his wife and himself to be a simulated transfer (to place the property out of the reach of a creditor) and not a disguised donation.
 

 We do not think that the distinction counsel seeks to draw between the Kelly case and this case is valid. Indeed, it does not appear that there is any factual difference between the Kelly case, the Thomas case and this matter, for all three cases involved simulated transfers which were connected in the form of
 
 dations.
 

 The holding in the Kelly case, that parol evidence is admissible, even between the parties, to contradict the recitals of a
 
 dation
 
 in authentic form, was not limited (as defendants’ counsel contend) to cases involving donations
 
 omnium bonorum.
 
 On the contrary, it appears from the opinion on rehearing in that matter that the court may have been somewhat uncertain as to whether the contract was actually a simulation or a disguised donation, and it therefore framed its decision so as to hold parol evidence admissible in either situation.
 

 
 *699
 
 Furthermore, as we have above shown, parol evidence is admissible in all cases of contracts between spouses when they have attempted to violate a prohibitory law, notwithstanding that they have clothed their forbidden transactions in authentic form or other writings. It is true that the Court of Appeal for the Parish of Orleans ruled otherwise in Thomas v. Thomas, supra, but that decision, being contrary to our jurisprudence on this subject, cannot be followed.
 

 After hearing the testimony elicited in the case at bar, the trial judge was of the opinion that the
 
 dation en paiement
 
 was without consideration and, therefore, absolutely null. Counsel for defendants do not point out any serious error in the judge’s factual finding and, hence, extended comment on the evidence by this Court would be inutile. Suffice it to say that, after a careful review of the record, we are satisfied that the judge made no mistake in concluding that plaintiff was never indebted to his wife in the sum of $2,000 (consideration for the dation) or any other money simply because she never owned any paraphernal funds which could have been turned over to him.
 

 The next question presented for consideration is whether the judge erred in finding that the deed to Clova Smith from his mother was a simulation in fraud of plaintiff’s rights.
 

 This Court has recognized that simulation, because of its nature, can usually be proven only by indirect and circumstantial evidence (Summers & Bannin v. Clarke, 32 La.Ann. 670; King v. Atkins, 33 La.Ann. 1057; Succession of Dickson, 37 La.Ann. 795), so that, if one alleging a simulation produces evidence of circumstances which create highly reasonable doubts or suspicions as to the honesty of the transaction, a prima facie case is considered as having been made out, and the burden of proof is shifted to the defendant to show that a valid sale existed. New Orleans Acid & Fertilizer Co. v. O. Guillory & Co., 117 La. 821, 42 So. 329; Leon Godchaux Co. v. Di Maggio, 133 La. 199, 62 So. 631; First National Bank of Ruston v. Jones, 186 La. 269, 172 So. 155; Howard v. Howard, La.App., 96 So.2d 345.
 

 The evidence in the case at bar shows that the act of sale, which purported to be a transfer of the property by Mrs. Smith to her son, Clova, was executed in January, 1954, shortly after plaintiff had gone to DeQuincy for the purpose of filing a suit for separation from bed and board and to set aside the
 
 dation en paiement
 
 which he had made to his wife in 1950. The district judge said in his opinion that he has not the slightest doubt that the deed to Clova was executed solely for the purpose of placing the title beyond plaintiff’s reach, and we find no error in this conclusion of fact. The judge held that Clova
 
 *701
 
 Smith knew at the time his mother deeded the property to him that the purported
 
 dation en pavement
 
 by which she had acquired it in 1950 recited a fictitious consideration. Hence, this fact, coupled with the finding that Clova and his mother knew, when the deed was made, that the filing of a suit by plaintiff for separation and to set aside the
 
 dation
 
 was imminent, points strongly to the conclusion that the parties acted to prevent plaintiff from gaining judicial recognition of his interest in the property.
 

 Clova and his mother flatly denied that they knew that plaintiff had left home with the intention of filing a lawsuit. However, the district judge found that their testimony was completely unbelievable.
 

 A reading of the testimony of defendants discloses numerous discrepancies in their respective statements. Hence, we are unable to say that the judge was wrong in his appraisal of their evidence — for, having seen and heard them testify, he was in a better position than we are to determine their credibility.
 

 Plaintiff brought out many other suspicious circumstances to indicate that the purported sale to Clova was a simulation, designed to defraud him of his rights. One was that the property at the time of the alleged sale was worth much more than the $3,000 which was recited as a consideration in the deed.
 
 [2]
 
 Another was that the purported consideration was allegedly paid by Clova in currency, a circumstance that should always be viewed with suspicion in these cases. See Peyton v. Roth, 149 La. 147, 88 So. 773; Agricultural Supply Co. v. Lavigne, 179 La. 1030, 155 So. 764. However, the strongest circumstance presented was the close relationship of the parties to the deed along with proof that Mrs. Smith remained in possession of the property after deeding it to Clova.
 
 [3]
 
 Once this fact was established, a presumption arose that the sale was a simulation, and the burden of proof shifted to defendants to show the validity of the transaction. Art. 2480 of the Civil Code; Cusimano v. Ferrara, 170 La. 1044, 129 So. 630; Agricultural Supply Co. v. Lavigne, 179 La. 1030, 155 So. 764.
 

 
 *703
 
 Defendants failed to adequately explain any of the suspicious circumstances, and did not offer any proof, other than their own testimony, that the sale between them was made in good faith and for value.
 
 [4]
 
 Therefore, the purported sale must be held to have been a simulation.
 

 Defendants’ contention that Clova Smith should be protected as a bona fide purchaser who had relied on the public record obviously has no merit in view of the finding that he neither “purchased” in good faith nor for value.
 

 Likewise, defendants’ plea of estoppel is without substance. There has been no showing that they suffered any detriment by reliance on plaintiff’s conduct, especially in view of our holding that the very purpose of defendants’ transaction was to defraud plaintiff of his rights. Indeed, by pleading estoppel defendants are, in effect, arguing that plaintiff is estopped to deny that he ínade a
 
 dation en paiement
 
 to his wife, even though no consideration for the
 
 dation
 
 existed. But, as pointed out before, a
 
 dation
 
 by a husband to his wife, made without consideration, is done in contravention of a prohibitory law, and it is well settled that estoppel by admission cannot be invoked to maintain a state of things created in violation of such law. Kelly v. Kelly, supra, Sonnier v. Fris, 220 La. 1085, 58 So.2d 393.
 

 The judgment appealed from is affirmed.
 

 FOURNET, C. J., absent.
 

 [1]
 

 .
 
 At the trial it was stipulated that the movable property which plaintiff claimed in his petition, except the 60 head of cattle claimed by Clova Smith, is property of the community. The cattle which were on the property when suit was brought were found by the court to have been purchased by Clova Smith, but the district judge stated that “ * * * if, in fact, plaintiff did leave a herd of cattle on the place, and Mrs. Smith and/or Olova have disposed of those cattle, the right to proceed against them, for an accounting of the proceeds should be reserved to plaintiff.” Formal reservation of this right appears in the judgment.
 

 [2]
 

 . Plaintiff had paid $5,150 for the real estate in 1947 and a formal inventory made in January, 1954 (the same month as the purported sale of the property to Clova Smith), in connection with plaintiff’s first suit for separation against his wife, valued the property at $15,000. Moreover, the district judge took judicial notice that the value of such properties increased materially in the area between 1947 and 1954, and that certainly the values did not decrease.
 

 [3]
 

 . Defendants contend that Clova Smith took full possession and control of the property after it was deeded to him, and that Mrs. Smith merely resided on the property, being supported and maintained by her son. However, the district judge chose not to believe defendants’ testimony on that point, and, as indicated before, there seems to be no error in Ms rulings on credibility.
 

 [4]
 

 . Mrs. Smith testified that the $3,000 purported cash consideration was delivered at the signing of the deed in the presence of the notary and witnesses thereto. Yet none of those present at that signing was called by defendants to corroborate this statement and no adequate explanation is given for defendants’ failure to produce this apparently available testimony.