AYRES, Judge.
This is an action by plaintiffs, three in number, grandchildren and sole heirs of Louis E. Joyner, who died in 1958, to annul two purported sales of realty in Bien-ville Parish by their grandfather to his brother, Tillman Joyner. Defendants, nine in number, together with plaintiffs, are the sole heirs of Tillman Joyner who died in February, 1965, intestate, leaving neither ascendants nor direct descendants.
The primary basis of plaintiffs’ attack upon the sales, that they were null and void as simulations, was upheld by the trial court. Accordingly, there was judgment directing their cancellation and erasure from the conveyance records. From the judgment thus rendered and signed, defendants appealed.
Inasmuch as plaintiffs neither appealed nor answered defendants’ appeal, their alternative demands, such as that the purported conveyances were fraudulent donations or donations in disguise wherein the donor divested himself of the entirety of *746 his property, or that the conveyances were executed under duress and therefore without the requisite consent of the vendor, are not now before us.
The sole issue with which we are concerned on this appeal is whether or not the purported conveyances are simulations. This is primarily a factual issue.
The record reflects that of the property, the title to which is in contest, Louis E. Joyner and Tillman Joyner, under dates of August 22, 1929, and December 29, 1930, acquired from Roy O. Martin Lumber Company, Inc., NE ¼ of SE ¼, Sec. 21, and NW ¼ of SW ¼, and S ½ of NW U, Sec. 22, T. ¼ N., R. 8 W., and that Louis E. Joyner, by an act of partition of his father’s and mother’s estate, dated September 26, 1939, acquired the NE ¼ of SW ¼ and WU of NW ¼ of SE ¼ of Sec. 15, and the E 16-⅔ acres of SE ¼ of NW ¼ of Sec. 34, T. ¼ N., R. 8 W. The deeds under attack are that of August 7, 1948, by which Louis E. Joyner purported to convey to Tillman Joyner an undivided one-half interest in the first of the aforesaid tracts, and of October 5, 1951, wherein Louis E. Joyner purported to convey to Tillman Joyner the second of the aforesaid tracts.
The record establishes that the brothers, Louis E. Joyner and Tillman Joyner, were farmers, and that after Louis E. Joyner’s acquisition of the property his brother lived with him in a house located upon this property. Farming operations conducted on the property were under the management and control of Louis E. Joyner who personally or through labor employed and paid by him conducted such operations. Supplies and groceries for the farm and household were likewise purchased and paid for by him. Following the purported sales and until the date of his death, Louis E. Joyner continued to live upon and occupy the property and to pursue his farming operations. No difference in occupancy, control, or management of the property was noted after the purported acts of sale. Hence the conclusion is inescapable that Louis E. Joyner continued to live upon and possess the property as owner, notwithstanding the pretended sales.
 While the burden of proof generally rests upon those who. attack transactions as simulated, nevertheless, if circumstances are established which create reasonable doubts as to the honesty and reality of the transactions, prima-facie cases of simulation are deemed to have been established shifting the burden of proof to the opposition to establish that the transactions are genuine. Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960); Dare v. Myrick, 168 So.2d 845 (La.App., 2d Cir.1964); Broussard v. Broussard, 132 So.2d 85 (La.App., 3d Cir.1961); Johnston v. Bearden, 127 So.2d 319 (La.App., 2d Cir.1961 — certiorari denied); Howard v. Howard, 96 So.2d 345 (La.App., 2d Cir.1957).
Suspicious circumstances, among which are to be considered the continued possession by the vendor, the close relationship of the parties to a sale, and the failure to satisfactorily explain the payment of the purchase price, are entitled to great weight, and their existence may be accepted as evidence of the simulated character of the sale. Agricultural Supply Co., Inc., v. Lavigne, 179 La. 1030, 155 So. 764 (1934); Peyton v. Roth, 149 La. 147, 88 So. 773 (1921); Dare v. Myrick, supra; Johnston v. Bearden, supra; Dorsey v. Ashford, 200 So. 176 (La.App., Orl.1941).
Defendants not only failed to establish the reality of the sales by showing payment of the supposed purchase price but they offered no substantial evidence in that regard. The evidence offered by plaintiffs through the testimony of the notary public, before whom the instruments were executed, and that of employees of the bank where the parties were shown to have done business tend to affirmatively establish that no consideration was paid. The notary testified not only that no consideration was passed in his presence but that statements were made indicating no con *747 sideration was intended. No withdrawal from nor crediting of accounts in the bank supports defendants’ contention that any consideration was paid for the property. Moreover, the record reflects a motive for divesture of title by Louis E. Joyner in that by so doing he became eligible for welfare assistance.
From our review of the record, we not only find no basis for concluding there was manifest error in the judgment appealed but that the judgment is abundantly supported by the evidence.
The judgment, however, fails, obviously through inadvertence, to decree plaintiffs the owners of the property. It should be amended in that respect.
Therefore, for the reasons assigned, the judgment appealed is amended and recast to read as follows:
It is therefore Ordered, Adjudged, and Decreed there be judgment herein in favor of plaintiffs, Reginald S. Joyner, Clyde T. Joyner, and Layne Joyner, and against the defendants, Sarah Joyner Batchelor, Irene McCoy Tullos, Ruby McCoy Ivey, Ruth Joyner Spann, Yvonne Alexander, Willie McCoy, Eva Smith McWilliams, Johnny McCoy, and Sue McCoy, decreeing the purported sales from Louis E. Joyner to Tillman Joyner, dated August 7, 1948, recorded in Conveyance Book 177, page 436, of the conveyance records of Bienville Parish, Louisiana, and dated October 5, 1951, recorded in Book 192, page 236, of the conveyance records of Bienville Parish, Louisiana, to be null and void, without any force or effect, and ordering their cancellation and erasure from the aforesaid conveyance records; and, accordingly,
It is further Ordered, Adjudged, and Decreed that plaintiffs, Reginald S. Joyner, Clyde T. Joyner, and Layne Joyner, be, and they are hereby, recognized and decreed the owners, in equal proportions, of the following-described property, to-wit:
NE ¼ of SW ¼, and W H/S of NW ¼ of SE ¼ of Sec. 15, and E 16-⅔ acres of SE ¼ of NW ¼ of Sec. 34, T. 14 N., R. 8 W., Louisiana meridian,
and of an undivided one-half interest in and to the following, to-wit:
NE ¼ of SE ¼, Sec. 21, NW ¼ of SW ¼ and S ¼ of NW ¼, Sec. 22, T. 14 N., R. 8 W., Louisiana meridian,
together with the improvements on and the appurtenances appertaining to said property, and, as thus amended and recast, the judgment appealed is affirmed at defendants-appellants’ costs, including the cost of this appeal.
Amended and affirmed.