LANIER, Judge.
This is a suit to annul an act of dation en paiement (dation)[1] made by a husband to his wife of his community interest in a piece of immovable property along with a house and certain other improvements thereon, located in St. Tammany Parish, Louisiana. The trial court rendered judgment in favor of the husband and against the wife, annulling the act of dation and ordering the clerk of court of St. Tammany Parish to cancel and erase the act from the conveyance records. The wife took this suspensive appeal.
FACTS
Cecil Robert Dellinger, plaintiff, and Il-leen Bloecher Dellinger, defendant, were married on January 8, 1944. On September 7, 1965, the Dellingers purchased the property in question, which was then undeveloped. On December 18, 1978, plaintiff executed a dation in which he acknowledged a debt to defendant’s separate estate in the amount of $8,500 and transferred his community interest in the property to defendant in extinguishment of the debt. The act was in authentic form and signed by both parties. The Dellingers were divorced on February 17, 1983, and this suit was filed on July 22, 1983.
The learned trial judge, in his excellent written reasons for judgment, correctly summarized the pertinent evidence as follows:
Illeen Dellinger testified that over the course of the marriage, she received various amounts of cash from relatives and estates of relatives. In her deposition she admitted that she had mingled this money with her salary in her bank accounts and that from these accounts over the years she had given Cecil Dellinger money to make improvements on the property. She presented no evidence by which her separate funds could be identified as they may have passed into the bank accounts and out.
[[Image here]]
Cecil Dellinger does not deny his signature, but claims that the transfer was a simulation. He contends that the real reason for the dation was to protect the property from any liability which might arise due to his drinking problem. He further contends that the funds given to him for the property were community and that the debt did not exist.
In annulling the dation, the trial judge stated his findings as follows:
Illeen Dellinger’s testimony reveals that the fixed price ennunciated [sic] in the text of the dation represents a debt which was not owed. Illeen Dellinger’s testimony clearly showed that she had commingled her separate funds with her community salary and rentals. Since the funds were community funds when given, Cecil Dellinger owed no debt and received nothing for his community interest in the property.
Alternatively, the trial judge rejected defendant’s plea of prescription to plaintiff’s claim that the dation was lesionary and found that lesion provided further grounds *929 for rescission and cancellation of the dation.
ESTOPPEL BY DEED — ADMISSIBILITY OF PAROL EVIDENCE

(.Assignment of Error 1)

Defendant contends “the Trial Court erred as a matter of law, by failing to find that the plaintiff was estopped by deed from offering any evidence to deny the legal effect of the Act of dation en paiement executed by him by authentic act on December 17, 1978. For the same reasons the Exception of no cause of action should have been maintained.”
Plaintiff contends that the dation to his wife was a simulation as he was not actually indebted to her; therefore, it is absolutely null.
The law in effect at the time of execution of the dation was La.C.C. art. 2446,[2] which provided as follows:
A contract of sale, between husband and wife, can take place only in the three following cases:
1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.
Saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage.
In Smith v. Smith, 239 La. 688, 119 So.2d 827, 829-830 (1960), our Supreme Court stated as follows:
It is well settled that dations between husband and wife, being a species of sale (Articles 2655-2659, Civil Code), are exceptional contracts and are absolutely null unless they come within one of the permissible categories_ Since contracts between spouses are specifically forbidden by Articles 1790 and 2446 of the Civil Code, save for the three purposes detailed in Article 2446, it follows that any husband and wife who attempt to contract in violation of those restrictions do so in fraudem legis. If parol evidence is admissible to show fraud practiced on one of the contracting parties, it would, a fortiori, appear that it should be received when the fraud has been perpetrated on the law itself. And so this Court has held that parol evidence may be introduced to show that any obligation has been contracted in fraudem legis regardless of what form may have been given to the reprobated contract. ...
If Article 2236 were to be applied and parol evidence excluded in cases involving the absence of consideration in contracts between a husband and wife, the spouses could easily evade the restrictions of Article 2446 and make prohibited contracts with each other simply by using the authentic act to disguise the true circumstances.
If no consideration actually existed for the dation, then parol evidence may be used to establish the incapacity of a party to contract in fraudum legis, since at that time the law prohibited such a contract between a husband and wife. Smith; James v. James, 393 So.2d 162 (La.App. 1st Cir.1980).
The trial court did not err in admitting parol evidence to show that the transfer was a simulation. Applying the appropriate standards of review to both the live testimony and depositions,[3] we hold *930 that the conclusion of the trial court was correct.
The fact that the dation was originally intended to protect the property from any possible liability which may have arisen in the future due to plaintiffs drinking problem was sufficient to establish a prima facie case that the dation was a simulation. Once this was established, the burden of proof shifted to defendant to show that the dation was not a simulation. See Smith, 119 So.2d at 832. While defendant did establish that she inherited separate funds, she did not, by a preponderance of the evidence, show that plaintiff was indebted to her separate estate, due to her failure to keep accurate account of this money.
This assignment of error is without merit.[4]
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. A dation (giving in payment) is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due. La.C.C. art. 2655.

. La.C.C. art. 2446 was repealed by Acts 1978, No. 627, § 5, effective September 7, 1979; Acts 1979, No. 709, § 2, effective January 1, 1980.

. In evaluating testimony adduced in open court, we must follow the manifest error — clearly wrong standard of factual review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, when evaluating depositions, rather than live testimony, we must determine the sufficiency and preponderance of the evidence. F & S Offshore, Inc. v. Service Machine & Shipbuilding Corporation, 430 So.2d 1167 (La.App. 1st Cir. 1983).

. It is unnecessary to address defendant’s second assignment of error dealing with the application of lesion to a dation.