96 So.2d 345 (1957)
Luciel Turner Brown HOWARD, Plaintiff-Appellant,
v.
Theodore HOWARD, Defendant-Appellee.
No. 8682.
Court of Appeal of Louisiana, Second Circuit.
June 28, 1957.
*346 Eugene J. Coen, Shreveport, for appellant.
Seals, Atkins & Robinson, Homer, for appellee.
HARDY, Judge.
This suit was instituted by plaintiff seeking recovery of an undivided one-half interest in community property which she alleged was fraudulently conveyed by the defendant, plaintiff's divorced husband, to his sister, May Ola Roberts, also made defendant herein. Plaintiff seeks to set aside the sale on the ground that it was a simulated transaction undertaken for the purpose of defrauding her of her interest in community property. Plaintiff appeals from *347 a judgment in favor of defendants rejecting her demands.
On March 7, 1939, plaintiff, Luciel Turner Brown Howard, was married to the defendant, Theodore Howard, in Claiborne Parish, Louisiana. The parties separated in or about the year 1946 and on September 15, 1949, Theodore Howard instituted a divorce suit against Luciel Turner Brown Howard upon the ground of two years separation, and on October 7, 1949, judgment decreeing the divorce was rendered in favor of Theodore Howard. On January 3, 1950, Luciel Howard instituted suit in Claiborne Parish to annul the proceedings in connection with the divorce suit on the ground of want of citation, and in connection with said suit, and on the same date, caused to be filed in the mortgage records of Claiborne Parish a notice of lis pendens which recited the object of the suit as being the annulment of the judgment of divorce and gave notice of plaintiff's claim to an undivided one-half interest in the property which is the subject of this suit. Judgment was rendered on June 15, 1951, annulling the judgment of divorce. In an action instituted by Theodore Howard against Luciel Turner Brown Howard, a judgment of divorce was rendered in the district court of the Parish of Claiborne in favor of plaintiff on February 13, 1953.
By deed of date December 27, 1945, Theodore Howard, husband of Luciel Howard, acquired Lot 2 of the McCalman-Hill Subdivision to the Town of Homer, Claiborne Parish, Louisiana, upon which property the parties built a house. In September, 1950, the day of the month not being shown in the original deed, Theodore Howard, husband of Luciel Howard, sold and conveyed to May Ola Roberts, wife of Roy Roberts, allegedly purchasing with her separate and paraphernal funds, the above described property, together with improvements, for a recited cash consideration of $2,800. The deed was signed by Theodore Howard and Roy Roberts, husband of the vendee, in the presence of George H. Robinson and Doris Cowden, who signed as witnesses, and before Ola Allen, a Notary Public in and for Claiborne Parish, Louisiana. Although this deed was passed in September, 1950, it was not recorded in the conveyance records until August 28, 1952. The instant suit was filed September 9, 1953.
It is to be observed that the deed of conveyance from Theodore Howard to his sister, May Ola Roberts, was executed in the month of September, 1950, during the pendency of the wife's action to set aside the judgment of divorce and at a time when the notice of his pendens was on record.
Plaintiff contends, first, that the notice of lis pendens, which was on record at the time of the purported sale of the property to May Ola Roberts, was notice of plaintiff's claim to an interest in said property, and, as a consequence, May Ola Roberts purchased subject to said claim. Under the circumstances we do not think this argument is tenable. The judgment of divorce, which plaintiff successfully attacked and which was set aside as an absolute nullity on the ground of lack of citation, had no effect upon the uninterrupted legal relationship of Theodore and Luciel Howard as husband and wife. There was no dissolution of the marriage, nor of the community of acquets and gains, and, as a consequence, the filing of the notice of lis pendens was without effect. The first judgment of divorce was an absolute nullity and had no more effect than if it had never been rendered. It follows that Theodore Howard continued, during this entire period, as the legally recognized head and master of the community and as such he was authorized to make disposition of the community property so long as such disposition was not in fraud of the rights of his wife.
This brings up for consideration the second point relied upon by plaintiff in this suit, that is, the question of simulation.
In support of her position plaintiff charges that no consideration was paid or received by the parties to the alleged conveyance *348 of September, 1950; that the transaction was a sham, confected by a conspiracy between plaintiff's husband, Theodore Howard, and his sister, May Ola Roberts, and designed to defraud her of her community interest in the property.
The evidence produced on behalf of plaintiff in this suit is almost completely of that character which is designated as negative evidence. Plaintiff called as witnesses the notary and the two witnesses to the deed of September, 1950, all of whom testified that no consideration was given by May Ola Roberts or received by Theodore Howard in their presence. Plaintiff thereupon called as under cross-examination the two defendants, Theodore Howard, plaintiff's divorced husband, and his sister, May Ola Roberts. Both of these witnesses testified that the consideration of $2,800 recited in the deed was paid by May Ola Roberts to Theodore Howard in currency, all in twenty dollar bills, and that the payment was made shortly after the passage of the deed at the home of May Ola Roberts and in the presence of her husband.
Despite the positive testimony of the defendants, we are impressed with the existence of a number of unusual, suspicious and unbelievable circumstances which surrounded the transaction. We concede the principles of law urged on behalf of defendants that the charge of fraud is most serious; that the burden of establishing fraud rests upon the one who alleges its existence, which burden is discharged only by legal and convincing evidence; that fraud is never presumed and that it must be established by exceptionally strong proof. Sanders v. Sanders, 222 La. 233, 62 So.2d 284, and cases cited therein.
However, we point out the equally well recognized principle that the action "en declaration de simulation" falls in a category of fraudulent conduct which, under our jurisprudence, is somewhat less demanding of, and less burdensome upon, the party who alleges the simulation.
In the first place, Article 2480 of our LSA-Civil Code establishes a presumption of simulation in all cases where the thing sold remains in the possession of the seller, and requires the parties to produce proof of good faith and to establish the reality of the sale.
Second, the existence of suspicious circumstances, among which are to be considered the close relationship of the parties to the sale and the payment of the consideration in currency, are entitled to great weight, and the existence thereof may be accepted as evidence of the simulated character of the sale. Agricultural Supply Company, Inc. v. Lavigne, 179 La. 1030, 155 So. 764; Dorsey v. Ashford, La.App., 200 So. 176.
Circumstantial evidence as well as direct evidence is acceptable in establishing a simulation. XVII Tulane Law Review, 470, and cases cited therein.
In view of the last recited principles we feel constrained to carefully analyze the nature and effect of the circumstantial evidence which is reflected by the record in this case.
We think it is significant that although Theodore Howard and his sister both testified that the consideration was paid in the presence of the latter's husband, he was not called as a witness. The fact that May Ola Roberts was in possession of the substantial sum of $2,800 in cash, represented by currency, all in twenty dollar bills, which, according to her testimony, she kept in her house, is, in itself, a highly suspicious and almost inexplicable circumstance. When questioned as to how she had acquired such a sum of money, May Ola Roberts testified that it had been accumulated over a period of almost 30 years as proceeds of her farming operations, yet she could not name one transaction nor one amount in connection with the sale of any farm produce. Nor could she identify the source of this alleged income by the production of a single scrap of written evidence. No effort was *349 made to explain the most unusual circumstance which is implicit in the possession of $2,800, all in twenty dollar bills.
Equally baffling and subject to grave suspicion is the story of the defendant, Theodore Howard, as to his disposition of the $2,800 in twenty dollar bills which he swore he received from his sister. The defendant testified that he needed the money to pay bills yet he did not produce one single statement of account nor evidence of indebtedness which he had discharged from the funds received, despite his testimony that he had in his possession a number of bills and accounts. This defendant further testified that much of the money had been spent for doctor's bills and for the payment of obligations incurred in connection with his operation of a small upholstery shop. Yet it was proved by the testimony of the witness himself that he was a disabled war veteran who had received, since sometime in 1946, monthly remittances from the Veterans Administration which appear to have ranged from $115 to $177 per month; that as an ex-service man he was entitled to and had received on occasions free medical services and treatment; that in connection with his upholstery shop he earned a net profit. Again it is highly significant that the witness chose not to attempt any corroboration of his own testimony by the establishment of any charges for medical services nor by any testimony of witnesses who might readily have been tendered on his behalf in this connection.
As we have above observed, the stories related by the defendants as to the payment of the consideration for the sale of the community property are unbelievable. Even conceding that truth is sometimes stranger than fiction, it is obvious that even the incredible truth asserted by the parties defendant, if so it was, could have been conclusively established by the production of corroborating evidence, much of which, according to their own testimony, existed and was available. Their failure to produce such evidence must be resolved against the acceptance of their versions of the transaction.
The situation itself engenders grave suspicion as to the existence of any degree of good faith on the part of the defendants, and we are at a loss to find any support, under the established circumstances, for their contentions of good faith.
Finally, we opine that there is some ground for the attachment of the presumption established by Article 2480 of the LSA-Civil Code. The defendant, Theodore Howard, remained in possession of the premises for a considerable period of time after the alleged sale of September, 1950. It is true he testified he paid rent to his sister, but again it is significant that he testified these payments were made in cash. This defendant further testified that his sister had paid taxes on the property since her alleged purchase thereof, which testimony was corroborated by the sister, but it is to be noted that no effort was made to introduce tax receipts or evidence of such payments by the defendant, May Ola Roberts. A witness by the name of Preston Gibson, tendered on behalf of defendants, testified that he had rented the premises for about a year and had paid the rent at the rate of $18 per month in cash to May Ola Roberts, but that he had no receipts for such payments.
It is our conclusion, after careful study of the record in this case, that the circumstances surrounding the transaction which is here called in question speak convincingly in support of plaintiff's claim that the conveyance was a simulation in fraud of her rights, and it follows that she is entitled to the relief for which she prays.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby annulled, avoided and reversed, and there is now judgment in favor of plaintiff, Luciel Turner Brown Howard and against the defendants, Theodore Howard and May Ola Roberts, declaring that certain deed of conveyance executed by *350 Theodore Howard on the ___ day of September, 1950, and recorded on August 28, 1952, on page 596 of Book 188 of the Conveyance Records of Claiborne Parish, Louisiana, to be null, void and of no effect with respect to the undivided one-half interest claimed by plaintiff.
There is further judgment ordering the cancellation and erasure from the conveyance records of the act of conveyance above described insofar as the same purports to affect the ownership of the undivided one-half interest of plaintiff which is hereby recognized and confirmed.
There is further judgment against the defendants-appellees for all costs of both courts.