FORET, Judge.
The instant action arises out of a suit for a declaratory judgment filed by Irwin H. Davlin; Standard Fittings Company; Standard Fittings-Texas; Louisiana Forge Company, Inc.; Avoyelles Valve, Inc.; and Standard Machinery & Equipment Company, Inc. (hereinafter collectively referred to as Plaintiffs) against William S. Smalley, Virgil Seale, Leon Golemi, Jorge Otero, Michael Britt, Scott Crabtree, and Southern Standard Industries, Inc. (hereinafter collectively referred to as Defendants). The trial court rendered judgment in favor of plaintiffs; defendants, Southern Standard Industries, Inc. (individually referred to as Standard Industries) and Virgil Seale, have appealed.[1]
*765 FACTS
On August 28, 1987, plaintiffs sold to Southern Standard Fittings Company, Inc. (Standard Fittings) a conglomeration of assets including, but not limited to, machinery and equipment, capital stock and raw materials, all of which were part of a going manufacturing concern operated and managed by Irwin H. Davlin. In consideration for this transfer, plaintiffs received three promissory notes totaling $9,000,000, with the first promissory note being due in 90 days, the second in 12 months, and the third in 60 months. All of the aforesaid promissory notes were secured by letters of credit to be obtained by the purchasing corporation. On this same date, Scott Crabtree pledged 1000 shares of stock of Standard Fittings to secure the aforementioned indebtedness, and in connection with said pledge agreement, a power of attorney was executed by Crabtree, authorizing Leslie J. Schiff to transfer Crabtree’s stock to plaintiffs in the event of default in the payment of the promissory notes.
Thereafter, on October 12, 1987, the parties executed an addendum to the sale agreement which, among other things, extended the payment date of the first due $3,000,000 promissory note from November 29, 1987 to January 25, 1988. Nothing else of note took place in reference to this transaction until January 18,1988, at which time a special meeting of the shareholders of Standard Fittings was called, pursuant to which Crabtree, as the sole shareholder of Standard Fittings, authorized an amendment to the corporate charter to increase the number of authorized shares from 1000 to 5000 and delete all preemptive rights of the shareholders. The amendment to the articles of incorporation was thereafter filed with the Secretary of State on January 19, 1988, and the additional 4000 shares were issued by the corporation to Virgil Seale (2000 shares), William Smalley (1000 shares), and Jorge Otero (1000 shares). On January 25, 1988, the due date for the payment of the $3,000,000 note, a petition in bankruptcy was filed on behalf of Standard Fittings at the instance of Crabtree and his associates. The following day, January 26, 1988, the 1000 shares pledged by Crabtree to plaintiffs herein were sold at private sale to Irwin H. Davlin for the sum of $50,000. Subsequently, on February 11, 1988, the 4000 shares previously issued to Seale, Smalley, and Otero were transferred to Standard Industries, a newly formed corporation, and this litigation thereafter ensued.
The trial court held that the actions of defendants herein in amending the corporate charter and thereafter issuing additional stock just prior to the January 25th payment deadline, amounted to civil fraud. Accordingly, the trial court found that the subsequent stock issuance was a nullity and that plaintiff was the sole stockholder of Standard Fittings.
Defendants assigned the following errors on appeal:
1. The trial court erred in granting a judgment against defendants in the absence of Scott Crabtree, an indispensable party in these proceedings.
2. The trial court erred in granting a judgment against defendants in the absence of Standard Fittings, who was also an indispensable party in these proceedings.
3. The trial court erred in allowing Irwin Davlin to testify as to the parties’ intentions with regard to the pledge agreement.
4. The trial court erred in admitting into evidence the deposition of Leon Go-lemi.
5. The trial court erred in allowing the introduction of inadmissible hearsay evidence to prove the validity of the voting trust agreement purportedly executed by Scott Crabtree and Jorge Otero.
6. The trial court erred in considering evidence that plaintiffs, as pledgees, were not notified of the stockholders meeting authorizing the issuance of additional shares of stock in Standard Fittings.
ASSIGNMENT OF ERROR NO. 1
On appeal, defendants have filed a peremptory exception of non-joinder of an indispensable party, maintaining that Scott *766 Crabtree is an indispensable party in these proceedings. In support of this argument, defendants cite C.C.P. art. 1880, which provides as follows:
“Art. 1880. Parties
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.”
Also pertinent hereto is C.C.P. art. 641 which provides as follows:
“Art. 641. Compulsory joinder; indispensable parties
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”
A review of the record reveals that Crab-tree is named as a defendant in the instant action but plaintiffs were unable to effect service of process upon him. Because he was named as a party in these proceedings, an exception of non-joinder of an indispensable party cannot be sustained. Furthermore, even if Crabtree had not been joined, it is clear that he is not an indispensable party within the scope and meaning of C.C.P. art. 641. The record reflects that Crabtree, as sole shareholder of Standard Fittings, voted to amend the articles of incorporation to increase the total authorized shares to 5000. Thereafter, the newly authorized shares were issued to Jorge Otero, William Smalley, and Virgil Seale, who subsequently transferred all 4000 shares to Standard Industries. The essential issue is the validity of the stock issuance and thus, the only defendant in these proceedings directly affected by this dispute is the current owner of the newly issued stock, Standard Industries. Considering this, we find that Crabtree, as the shareholder who precipitated the stock issuance, is not an indispensable party in these proceedings as it is clear that a complete and equitable adjudication of this controversy can be made in his absence.
ASSIGNMENT OF ERROR NO. 2
In their second assignment of error, defendants contend that Standard Fittings is an indispensable party. Unlike Crabtree, Standard Fittings was not named as a defendant in plaintiffs’ declaratory judgment suit. Prior to the institution of plaintiffs’ suit, Standard Fittings filed for relief under Chapter 11 of the U.S. Bankruptcy Code. However, we find that the dispute out of which the declaratory judgment suit arises, does not affect the interest of Standard Fittings to such an extent as to make this corporation an indispensable party in these proceedings. Thus, a complete and equitable adjudication of this controversy can be made without joining Standard Fittings as a defendant. In Dunham, v. Dunham, 467 So.2d 555 (La.App. 1 Cir.1985), writs denied, 469 So.2d 989, 990 (La.1985), Ted F. Dunham, Jr. sued his stepmother, seeking specific performance of an oral agreement to transfer certain shares of stock in two of three closely held family corporations. Dunham also sought enforcement of the defendant’s alleged agreement to amend the articles of incorporation of one of the corporations to remove a stock transfer restriction. Defendant maintained that the corporation (Winn Rock) was an indispensable party in view of the fact that the plaintiff’s action sought to compel the defendant to amend Winn Rock’s articles of incorporation. The court of appeal held that Winn Rock was not an indispensable party and, in so holding, stated the following:
“The present suit does not threaten the existence of Winn Rock nor does it attack the validity of Winn Rock’s articles *767 of incorporation. It involves only the enforcement of an agreement between two shareholders to exchange their stock, which includes an ancillary agreement to amend Winn Rock’s articles of incorporation in order to remove a stock transfer restriction. Since Ted Dunham, Jr., and Mrs. Dunham have the right and the necessary voting power to amend Winn Rock’s articles of incorporation, a complete and equitable resolution of their contractual dispute can be made without joining Winn Rock in these proceedings.”
The court in Dunham went on to affirm the trial court’s judgment ordering the defendant to amend the articles of incorporation in accordance with the agreement of the parties.
Turning now to the facts of the instant case, the validity of a stock issuance, as authorized by an amendment to the articles of incorporation of Standard Fittings, is at issue. However, this lawsuit does not challenge or threaten the corporate existence nor does it attack the validity of the articles of incorporation of Standard Fittings. If, as in Dunham, an amendment to the corporation’s charter can be effected without naming the corporation as a party, then it necessarily follows that a declaratory judgment suit, seeking to annul a purported amendment to the charter, can likewise be maintained without naming the corporation as a defendant. We therefore find that in the instant case, as was the case in Dunham, an equitable adjudication of this controversy can be made without joining Standard Fittings as a party. Defendants’ second assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
At trial, Irwin Davlin testified that it was the clear understanding of the parties that plaintiffs were to receive a pledge of 100% of the stock in Standard Fittings. He therefore stated that he would not have agreed to any arrangement whereby defendants would have the right to water down his interest as pledgee by authorizing the issuance of additional shares of stock prior to the payment date of the promissory notes. Defendants contend that the trial court erred in allowing Davlin to testify as to the parties’ intentions insofar as the pledge agreement is concerned. We disagree. C.C. art. 1848 provides as follows:
“Art. 1848. Testimonial or other evidence not admitted to disprove a writing
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.”
It is true, as defendants contend, that the pledge agreement in question does not specifically prohibit the issuance of additional shares of stock. However, Crabtree specifically stated in the pledge agreement that he was the owner of all outstanding shares of stock in Standard Fittings and, at the time the pledge agreement was executed, the articles of incorporation of Standard Fittings only authorized the issuance of 1000 shares, the total number of shares pledged by Crabtree. Thus, a subsequent stock issuance, just prior to the payment date of one or more of the promissory notes, strikes this Court as being contrary to the spirit, if not the letter, of the pledge agreement. Considering this, the trial court did not err in allowing Davlin to testify as to the parties’ intentions in this regard as it is well established that parol evidence is admissible to clarify ambiguities and to show the true intention of the parties. General Elec. Co. v. La. Elec. Supply, 460 So.2d 34 (La.App. 1 Cir.1984).
ASSIGNMENT OF ERROR NO. 4
Defendants contend that the trial court erred in admitting into evidence the deposition of Leon Golemi.
Defendants argue in brief that defendants were not present at the deposition of Leon Golemi and accordingly, the trial court erred in admitting this deposition into *768 evidence at trial. The record reflects that the deposition of Golemi was taken on March 14, 1988. Apparently, the deposition was taken in the bankruptcy proceedings instituted by Standard Fittings as this is the caption that appears on the copy of the deposition filed into evidence at trial. The record does not indicate that the defendants were present or represented at said deposition nor is there any evidence of record establishing that defendants were given advance notice thereof. C.C.P. art. 1438 states that “a party desiring to take the deposition of any person upon oral examination, shall give reasonable notice in writing to every other party to the action.” This article is to be read in connection with C.C.P. art. 1450[2], which provides as follows:
“Art. 1450. Use of depositions
At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof,...
In Highstreet v. Regency Apartment Hotel, 337 So.2d 536 (La.App. 4 Cir.1976), writ denied, 340 So.2d 994 (La.1977), the trial court allowed the defendant to introduce into evidence a deposition of a witness even though the opposing party was not present at the deposition and had not received proper notice thereof. On appeal, the court found that the trial court acted improperly in admitting this deposition into evidence. Similarly, in Hollier v. Galtier, 430 So.2d 376 (La.App. 3 Cir.1983), we specifically held that, in accordance with C.C.P. art. 1450, reasonable notice of the taking of a deposition is a prerequisite to its introduction into evidence at trial. We therefore find that the trial court erred in allowing plaintiffs to admit into evidence the deposition of Leon Golemi. However, in view of the substantial evidence of record in support of the trial court’s judgment, we find this to be harmless error[3]. Cormier ¶. Cormier, 479 So.2d 1069 (La.App. 3 Cir. 1985).
ASSIGNMENT OF ERROR NO. 5
In their fifth assignment of error, defendants contend that the trial court erred in allowing plaintiffs to introduce into evidence a copy of a voting trust agreement purportedly executed by Scott Crabtree and Jorge Otero. Specifically, defendants contend that the signatures appearing on the voting trust agreement were not properly verified. At trial, plaintiffs introduced a copy of a report prepared by Robert Foley, Forensic Document Examiner, presumably stating[4] that the signatures appearing on the voting trust agreement are genuine. Our review of the record clearly establishes that the trial court’s judgment is not based upon a finding that the defendants violated the voting trust agreement in amending the articles of incorporation of Standard Fittings to authorize the issuance of additional shares of stock and thereafter issuing the additional shares to Otero, Smalley, and Seale. Accordingly, even though we find that the trial court’s admission of Foley’s report was improper, this evidence was not relevant to the trial court’s judgment and hence, the trial court’s admission of the voting trust agreement, if indeed it was error, constitutes harmless error.
*769 ASSIGNMENT OF ERROR NO. 6
Lastly, defendants contend that the trial court improperly considered evidence that Irwin Davlin, as pledgee, was not notified of the stockholders meeting which was held to amend the articles of incorporation of Standard Fittings to authorize the issuance of additional shares of stock and terminate the preemptive rights of the shareholders. Again, the trial court’s judgment was not based upon a finding that Irwin Davlin, or any of the plaintiffs herein, were not properly notified of the stockholders meeting authorizing the amendment of the articles of incorporation of Standard Fittings. The trial court’s judgment was, instead, based upon a finding that the defendants’ actions in amending the articles of incorporation and thereafter issuing additional shares of stock, were done in bad faith and constituted actionable fraud. Accordingly, we find this assignment of error to be without merit.
In view of the above and foregoing, the judgment of the trial court is affirmed, and all costs of this appeal are assessed to defendants-appellants, Southern Standard Industries, Inc., and Virgil Seale.
AFFIRMED.

. Virgil Seale was not served with the plaintiffs’ petition and therefore judgment was not rendered. against him at the trial level. However, he is aggrieved by the judgment of the trial court and therefore has a right of appeal. C.C.P. art. 2086. See also, Bradley v. Central Louisiana Elec. Co., Inc., 437 So.2d 999 (La.App. 3 Cir.1983).

. C.C.P. art. 1450 was amended by Acts 1988, #515, § 2, effective January 1, 1989. This amendment is not applicable to the facts of this case.

.For some reason, only the first page of Foley's report is of record. We therefore do not know the conclusion ultimately reached by Foley as to the validity of the signatures.