WICKER, J.,
concurs with reasons:
|,I agree that the judgment of the trial court should be vacated and that this case *32 should be remanded for further proceedings. However, I respectfully disagree with the analysis of the majority opinion for two reasons.
First, I believe that certified medical records should be sufficient to establish a prima facie default judgment so long as the records are admissible and demonstrate both an injury and a causal link between the plaintiffs injuries and the accident at issue. The First, Third, and Fourth Circuit Courts of Appeal adhere to this rule. See Assamad v. Percy Square and Diamond Foods, L.L.C., 2007-1229 (La.App. 1 Cir. 7/29/08), 993 So.2d 644, 650; Bordelon v. Sayer, 2001-0717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235-36; Goldfinch v. United Cabs, Inc., 2008-1447 (La.App. 4 Cir. 5/13/09), 13 So.3d 1173, 1178. This Court does not.
The Fourth Circuit explicitly rejected our approach in Arias v. Stolthaven New Orleans, L.L.C., 2007-0650 (La.App. 4 Cir. 3/19/08), 980 So.2d 791, 801-02, rev’d on other grounds, 2008-1111 (La.5/5/09), 9 So.3d 815. The Arias court determined that the purpose of La. C.C.P. art. 1702(D) is to make it easier for a plaintiff to obtain a default, not to make the process more difficult by requiring sworn narrative reports rather than certified medical records. Arias, 980 So.2d at 802. The Fourth Circuit ^additionally noted that “there is nothing in [La. C.C.P. art. 1702(D) ], expressed or implied, saying that oral physician testimony or a sworn narrative report in lieu thereof is the sine qua non of a prima facie case for default purposes.” Id. at 803. I agree with this reasoning and believe that this Court should adopt the rule of the First, Third, and Fourth Circuits.
Second, I respectfully disagree with the majority’s conclusion that the plaintiffs certified medical records failed to establish causation. To establish a prima facie case for default judgment, a plaintiff must demonstrate the causal connection between his injuries and the accident by introducing competent evidence establishing that it is more probable than not that the accident at issue caused his injuries. Hall v. Folger Coffee Co., 2002-0920 (La.App. 4 Cir. 10/1/03), 857 So.2d 1234, 1248. If the plaintiff was in good health before the accident, but a disabling condition appeared and continuously manifested itself afterwards, causation should be presumed. Housley v. Cerise, 579 So.2d 973, 980 (La.1991).
Here, the plaintiff submitted certified medical records documenting his injuries and the medical treatment he received following the accident. Dr. Altman’s certified medical report indicates he found a causal link between the plaintiffs injuries and the nature of the accident. Dr. Altman in his report concluded that the type of injuries suffered by the plaintiff, including strains in the cervical spine, right shoulder, thoracic spine, and lumbar spine, were consistent with the type of accident that occurred. At the hearing on the default judgment, the plaintiffs counsel did not ask the plaintiff whether he experienced shoulder and neck pain before the accident. However, the history portion of the plaintiffs certified medical records with Dr. Richard Hages indicates that the plaintiff had never previously injured his neck or back prior to this incident. In addition, Dr. Bradley ^Bartholomew drafted an office note on August 30, 2007 indicating that the plaintiff denied any previous medical history on his neck or back. Dr. Hages treated the plaintiff in 2006 and 2007. Dr. Bartholomew treated and performed surgery on the plaintiff in 2008. After considering both the presumption favoring causation and the manifest error standard of review, I believe this Court *33 should defer to the trial court’s finding of causation in this case.
Nonetheless, I concur in the disposition of this matter because I believe that the trial court erred in admitting into evidence a deposition of Build-A-Bear’s corporate representative and a deposition of Build-A-Bear employee Julie Ann Phillips. Both depositions were taken before HA Logistics was made a party to this suit. Under Louisiana law, depositions “may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof.” La. C.C.P. art. 1450(A). To satisfy the reasonable notice requirement, the party desiring to take the deposition must notify every other party to the action before taking the deposition. La. C.C.P. art. 1438. Here, HA received no notice of the depositions because it had not been made a party to the suit at the time the depositions were taken. Accordingly, I believe that the trial court was manifestly erroneous in admitting deposition testimony taken prior to HA’s involvement in this suit. See by analogy Silva v. Allen 256 So.2d 447 (La.App. 4th Cir.1972) (holding that a deposition of the defendant was inadmissible against a co-defendant because the plaintiff deposed the defendant prior to adding the co-defendant to the lawsuit); Davlin v. Smalley, 554 So.2d 763 (La.App. 3d Cir.1989) (holding that a deposition was inadmissible against the appellants when the record demonstrated that |4appellants were not present at the deposition and appellants received no advance notice thereof).
For the foregoing reasons, I respectfully concur.