In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2232

CRAIG J. KUNKEL, KIM M. KUNKEL, and INTEGRA ENGINEERING, LTD.,

*Petitioners-Appellants*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee*.

Appeal from the United States Tax Court.
Nos. 3279-13 *et al.* — **Mary Ann Cohen**, *Judge*.

ARGUED APRIL 4, 2016 — DECIDED MAY 10, 2016

Before EASTERBROOK and HAMILTON, *Circuit Judges*, and PEPPER, *District Judge*.*

EASTERBROOK, *Circuit Judge*. After conducting an audit of the returns that Integra Engineering and its principal owners, Craig and Kim Kunkel, had filed for 2008, 2009, and 2010, the Internal Revenue Service concluded that they owed

* Of the Eastern District of Wisconsin, sitting by designation.

more taxes. The Kunkels hired Frank W. Bastian, a lawyer and CPA, to represent them and the firm in an effort to persuade the IRS otherwise. As the statute of limitations for the 2008 tax year approached, the IRS asked Bastian to sign a waiver that would permit the IRS to delay making its assessment. Taxpayers often agree to such waivers, thinking that continuing the negotiations may be preferable to forcing the IRS to make a formal declaration of a deficiency, a step that commits the IRS to a position adverse to the taxpayer.

The period of limitations is three years from the date the return was due or was filed, whichever is later. 26 U.S.C. §6501(a). The parties agreed that for the 2008 tax year, this meant February 15, 2012, for Integra and April 15, 2012, for the Kunkels. Someone at the IRS put these dates in a waiver (IRS Form 872-A) for Bastian to sign, and he did. Negotiations about the amount of taxes owed broke down, however, and in November 2012 the IRS sent notices of deficiency, which Integra and the Kunkels contested in the Tax Court. For tax years 2008 through 2010 combined, the IRS sought about $456,600 from the Kunkels (who had filed joint returns) and $322,800 from Integra. The amount demanded from the Kunkels included a 20% penalty under 26 U.S.C. §6662(a) for filing substantially inaccurate returns.

More negotiations ensued, reducing the amounts the IRS claimed as due. Integra and the Kunkels (collectively Taxpayers) decided not to contest the IRS's revised calculations of what they owed for 2009 and 2010. But they contended that they owed nothing for 2008 because the notice in November 2012 came after the deadline. Taxpayers conceded that Bastian had signed waivers, that he had actual authority to do this, and that the waivers gave the IRS until the end of

December 2012 to assess taxes. But they insisted that these waivers applied to the 2011 tax year, not the 2008 tax year.

Here is what the critical language for Integra says: "The amount of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended February 15, 2012 may be assessed at any time on or before December 31, 2012." The date "February 15, 2012" had been typed into a blank for Integra (and April 15, 2012, for the Kunkels). But February 15, 2012, and April 15, 2012, did not designate the "period ended" for any tax year; they designated the end of the limitations periods for 2008 taxes. Whoever filled in the blanks at the IRS had typed the wrong year (2012 instead of 2009) and missed the fact that Integra's 2008 tax year ended on November 30, 2008, which was the appropriate "period ended" for the purpose of this form. The date a return is filed affects the statute of limitations but not the "period ended." We can be confident that 2012 was the wrong year because no one thought that the IRS was agreeing to a *reduction* in the time it had to assess taxes for 2011. The point of this exercise had been to allow the IRS more time to decide what to do for the 2008 tax year.

According to Taxpayers, it did not matter that the IRS had asked them to extend the time for the 2008 tax year, and that Bastian had agreed on their behalf, because all Bastian had *signed* was a document relating to the 2011 tax year. But the IRS asked the Tax Court to reform the document to cure a mutual mistake, and the court agreed.

The judge observed that Bastian not only is knowledgeable about tax law but also had been dealing with the IRS about the 2008, 2009, and 2010 tax years; the only conceivable function of the form was to extend the time to file the as-

sessment for 2008, the judge thought, since it could not have been designed to reduce the time available to make an assessment for 2011. The court then entered judgment in favor of the IRS on the 2008 taxes and penalties as calculated by the post-assessment negotiations: for the Kunkels $61,514 in tax plus $12,302.80 in penalty, and for Integra $6,570 in tax.

In this court, Taxpayers concede that the Tax Court has authority to reform a waiver, no matter how explicit the form's language. But they say that the Tax Court may do this only if clear and convincing evidence shows the taxpayer's true intent—and, since neither Taxpayers nor the IRS offered evidence from the persons who filled in the blanks and signed the forms, it is impossible to meet that standard.

The "clear and convincing evidence" part of Taxpayers' submission comes from *Woods v. Commissioner*, 92 T.C. 776, 789 n.14 (1989), which cites *Travelers Indemnity Co. v. Calvert Fire Insurance Co.*, 798 F.2d 826, 835 (5th Cir. 1986), which in turn cites an opinion applying Louisiana law, *Lynal, Inc. v. Patrick Petroleum Co.*, 593 F. Supp. 1325, 1327 (W.D. La. 1984). None of these opinions evinces awareness of the Supreme Court's decisions holding that, in civil litigation over money, the appropriate standard is the preponderance of the evidence. See, e.g., *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387–90 (1983); *Grogan v. Garner*, 498 U.S. 279, 286 (1991); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014). Preponderance of the evidence therefore is the right standard for reforming a waiver of a statute of limitations in a tax case.

As for "true intent": The federal law of contract (including contractual waivers) is objective, just like state contract law. See, e.g., *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539 (7th

Cir. 2000); *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 421 (7th Cir. 1998); *Eckstein v. Balcor Film Investor*s, 8 F.3d 1121, 1127 (7th Cir. 1993). This means that the parties' intents matter only to the extent that they are expressed to each other. When considering parol evidence a court looks to documents, and sometimes to oral exchanges, but never considers either side's private thoughts and hopes. So the Tax Court did not need evidence about what Bastian *thought*, or about what the person who filled in the blanks (whoever that was) *believed* would occur. Neither side has suggested that there is any evidence about documents or words exchanged between Taxpayers (or Bastian) and the IRS.

The Tax Court thought reform of the waivers appropriate because only the 2008 tax year had periods of limitations expiring in spring 2012. The forms could not have served any purpose *other* than extending the time to file assessments for 2008—and you can't beat something with nothing. Taxpayers' brief speculates that Bastian thought that he was playing a practical joke on the IRS by signing without alerting it to the scrivener's error. This seems unlikely; the adverse effect on Bastian's professional reputation could have been substantial. If the IRS came to conclude that Bastian had tried to hoodwink it, he might find his credentials as a tax representative pulled. The best way to understand what happened is the way the Tax Court did: A typist misread the file, entering the dates on which limitations periods would expire rather than the dates on which the tax years ended, and then everyone else missed that error. We see no clear error or abuse of discretion in that conclusion.

We are conscious of the irony in allowing the IRS to collect a 20% penalty for the errors in the Kunkels' 2008 return,

when the IRS has made an error of its own. But the Kunkels have not asked us to compare the degrees of fault or to set aside the penalty, if the assessment was timely.

AFFIRMED